Frederick v. Remking.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*M. D. Browning*, for defendant.

———o o o———

FREDERICK *v.* REMKING.

Where the maker of a note promised to pay a stated sum in cabinet furniture at his shop, under a contract in writing that the cash prices at the date of the note should govern, and where the note was assigned after it became due : held that the contract was a part of the transaction, and that it was not necessary for the maker to set apart the furniture, and that a demand and refusal were necessary before suit upon the note as a money demand.

*Appeal from Polk District Court.*

*Opinion by* KINNEY, J.   Action brought and petition filed upon the following note :

$244 75.   For value received, I promise to pay J. E. Jewett, or bearer, two hundred and forty-four dollars and seventy-five cents, in cabinet furniture, at my shop in Fort Des Moines, Iowa.                     C. D. REMKING.

Iowa, May 11, 1852.

Assigned, March 1, 1853, to B. F. Frederick.

Answer denies any demand for the furniture at the shop, denies any demand of payment, alleges readiness and abil-

ity to pay according to the tenor and effect of the note; that defendant has ever been ready and willing to pay whenever a demand was made; that he repeatedly requested Jewett, when the note was in his possession, to take the furniture away, as the same was ready; and as soon as he learned that the plaintiff had the note, informed him that the furniture was ready, and requested him to take the same away. Sets up a special agreement between defendant and Jewett in relation to the price, &c., of the furniture, of which the defendant had full knowledge at the time the note was assigned to him.

Plaintiff replies, that if the defendant had the furniture ready, he did not tender or set apart the same for the payment of said note. This appears to have been the issue tried below.

Was it necessary for the defendant to set apart the furniture, to prevent the note becoming a cash demand; or should the plaintiff have made a demand at the shop, where the note was payable, before he could bring suit for the money? The court instructed the jury that it was not necessary for the defendant to set apart the furniture, and that a specific demand by the plaintiff, or his agent, was necessary, before he could bring suit upon the note as a monied demand.

In view of the tenor of the note, and state of the pleadings, we think the court are right. By the special agreement between Remking and Jewett, entered into at the time the note was executed, it appears that they had been in partnership in the cabinet-making business; that they dissolved, and that this note was given for Jewett's share of the furniture, "*to be paid in furniture at the present cash prices, whether furniture should, or should not raise or fall* in value." This contract formed a part of the transaction, bears even date with the note, the note is particularly described, and in giving it construction, it is proper for the court to examine this contract with a view of ascertaining the *intention* of the parties.

5*

Whether Frederick had notice of the existence of this contract or not, is not material, if it was a part of the same transaction with the giving of the note, and if the note was assigned to him after it was due. That it was a part of the same transaction is admitted by the state of the pleadings. The replication only denies that the plaintiff had *knowledge* of its existence. The note, it will be seen, is not payable at any given day. It was virtually due on the day of its execution. But was it the intention of the parties that it should be paid on that day? We think not; or else why did they agree that if the price of furniture should fluctuate, Remking should receive the price it bore at that time. This was an unnecessary stipulation if the note was to be paid *presently*. And as parties are not supposed to insert vain and idle provisions in their contracts, they must all, if possible, be construed as meaning something. This can only mean that the parties are providing for the payment of this note in *futuro*, at no fixed or certain day, but at such reasonable time as the party payee might call for it. If such be the case, § 959 of the Code must dispose of the question : "No contract for labor, or for the payment or delivery of property, (other than money) in which the time of performance is not fixed, can be converted into a money demand, until a demand of performance has been made, and the maker refuses, or a reasonable time is allowed for performance."

This section of the Code would probably apply independent of the agreement, as the time of performance is not fixed by the terms of this note, (although at common law it would be due *instanter*,) but taking it in connection with the agreement, there can be no reasonable doubt but that a demand and refusal were necessary, before the note become a money demand.

Judgment affirmed.

*J. E. Jewett*, for appellant.

*Casady* and *Tidrick*, for appellee.